108 So.2d 697

**Walton H. PLEDGER**

v.

**DEPARTMENT OF INDUSTRIAL RELA-TIONS and Republic Steel Corporation.**

**6 Div. 640.**

Court of Appeals of Alabama.

Jan. 27, 1959.

Cooper, Mitch, Black & Crawford, Birmingham, for appellant.

Burr, McKamy, Moore & Thomas, Birmingham, for appellee.

**128**

CATES, Judge.

Pledger worked at Republic Steel Corporation's Sayre Coal Mine in Jefferson County. He has been disqualified (under the labor dispute section) by the circuit court of that county from drawing unemployment compensation.

The L. & N. Railroad Company has a spur track coming into the Sayre mine property. This track runs between the bath house where the miners change their work clothes and the terminus of the haulage railway (or "man-trip," see § 55, Act No. 207, August 12, 1949) which serves the mine.

In the spring of 1955, various maintenance and other nonoperating workers of the railroad company were on strike. March 28, 1955, some railroad employees threw up a picket line along the spur track at the point where it crossed the path from the bath house to the man-trip cars. All miners were thus brought face to face with the pickets.

On that Monday morning, March 28, 1955, Mr. Pledger, on leaving the bath house to go to the man-trip waiting station, saw "a bunch of men with signs down in front of the passage going to the man trip and the break in the railroad cars." He went down the steps from the bath house, talked to the pickets, returned to the bath house, changed clothes, and went home.

On direct examination Mr. Pledger testified without objection that he was afraid to attempt to go to work, since he thought trying to do so would entail some difficulty with the pickets.

It was stipulated that there was available work for the miners all the time.

On Pledger's cross-examination it was brought out that there had been no violence or threats of violence made at this particular place, nor at another picket line which was later thrown up at a roadway gate to Republic Steel's Sayre property.

However, Mr. Pledger brought in affidavits which had been attached to a bill of complaint by the railroad company against some fifteen respondents, including various unions and representative members, complaining of various acts of violence, threats of violence, "sabotage, unlawful destruction of property, vandalism, trespass, assault and intimidation of employees and their families." These affidavits related mainly to incidents at or near Boyles Roundhouse in Jefferson County. The railroad's bill of complaint appears to have been honored by the Chief Justice of the State on April 23, 1955, with a fiat awarding a temporary writ of injunction as prayed. We are aware of holdings that judicial knowledge may be taken that labor disputes are accompanied by violence or threats of violence.

The trial judge, in his judgment of January 24, 1958, came to the conclusion that Mr. Pledger was disqualified under Section 214A of the Unemployment Compensation Law (Code 1940, T. 26, § 214A, as amended).

■ Had the trial court determined that Mr. Pledger had a well-founded fear of personal violence, then his refusal to cross the picket line would not have entailed his disqualification. See Speagle v. United States Steel Corporation, 268 Ala. 3, 105 So. 2d 717.

■ The decision in a case tried without a jury has, as to its factual aspects, the same standing on appeal as a verdict. There was substantial evidence to support the conclusions below, and since the legal questions had meanwhile been determined by the Supreme Court in the Speagle case, supra, the judgment appealed from is due to be

Affirmed.